McCONNELL, J.,
concurring.
I join Judge Hartz’s opinion, but wish to add that I consider it far from clear that Sergeant Bauer lacked “reasonable suspicion” to question Mr. Oliver about the contents of the unusual package in his glove compartment. The package was about six inches long, cylindrical, wrapped in brown paper with tape. The police officer, a 10-year veteran of the Highway Patrol who had been involved in approximately 400 drug-interdiction cases, testified that based on his training and experience the packaging appeared consistent with the way drugs are transported on interstate highways. He stated that he had “never seen anything wrapped like that that was not drugs wrapped in masking tape.” Aplt’s App. 100. Add to this Mr. Oliver’s clumsy attempt to hide the package from the police officer, which together with the unusual appearance of the package could reasonably have incited suspicion. It is therefore arguably not necessary to debate precisely what standard we must apply to questions beyond the scope of the initial traffic stop — reasonableness or reasonable suspicion — because even the more demanding standard is satisfied under these facts.
In concluding there was no basis for reasonable suspicion, the Magistrate Judge found that the package was “not obviously contraband.” Aplt’s App. 45. But a package does not have to be “obviously” contraband to give rise to reasonable suspicion. Indeed, if it were “obviously contraband,” it would constitute probable cause for search and arrest — not just a basis for asking a few more questions. Moreover, the defendant’s attempt to hide the package heightened the officer’s suspicions. Thus, I do not think a legal conclusion that Sergeant Bauer had a basis for reasonable suspicion is inconsistent with the factual finding.